UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICE GIVENS, and DEMIKA JONES GIVENS, individually and on behalf of M.G., a minor child, <br><br> Plaintiff, <br><br> v. <br><br> SHADOW MOUNTAIN BEHAVIORAL HEALTH SYSTEM, a foreign for profit business corporation registered in Oklahoma, and JOHN DOE(S), <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 09-CV-0430-CVE-FHM |

**OPINION AND ORDER**

Now before the Court is Defendant Shadow Mountain Behavioral Health System's Motion to Dismiss and Brief in Support (Dkt. # 10). Plaintiffs Maurice Givens and Demika Jones Givens (together, the Givenses) filed claims in state court individually and on behalf of M.G., a minor child, against the Oklahoma Department of Human Services (DHS) and John Doe (Dkt. # 2-2). The Givenses then filed an amended petition (Dkt. # 2-4) against DHS[1], Shadow Mountain Behavioral Health System (Shadow Mountain), and unnamed Shadow Mountain employees for violations of 42 U.S.C. § 1983 and Oklahoma law. Shadow Mountain removed the case to this Court. Dkt. # 2. Shadow Mountain now moves for dismissal of the Givenses' claims under Fed. R. Civ. P. 12(b)(6).

**I.**

The following facts asserted in the Givens' amended petition are taken as true for the purposes of Shadow Mountain's motion to dismiss. The Givenses are the parents of M.G., a minor

---

[1]  DHS was dismissed as a defendant by the state court on June 26, 2009. Dkt. # 2-3, at 2; Dkt. # 3, at 2.

child. Dkt. # 2-4, at 1. In late 2003, M.G. was removed from the Givenses' home and placed in DHS's custody during an investigation and case involving allegations of abuse and neglect. Id. at 2. DHS outsourced the decisions regarding M.G.'s placement to Shadow Mountain. Id. Shadow Mountain placed M.G. in therapeutic foster care in the home of William Lee Hunter, Jr. (Hunter) from on or about July 26, 2004 to on or about April 22, 2005. Id. During this time, Hunter allegedly "repeatedly and inappropriately touched the child, watched the child as he bathed, medicated the child with sleeping pills, and obtained a library card in the child's name and used it to view child pornography at the Tulsa Public Library. Id. M.G. was returned to the Givenses' home after DHS's investigation concluded. Id. at 3. On July 5, 2007, Hunter was charged with "procuring/possession of child pornography," to which he later pled guilty. Id. Hunter also subsequently pled guilty to a charge of "peeping tom with photographic/electronic equipment," and is currently incarcerated. Id.

The Givenses allege that Shadow Mountain "failed to conduct an adequate background investigation concerning Hunter, failed to properly supervise Hunter and his activities with [M.G.], failed to monitor [M.G.'s] progress while in Hunter's care, and failed to respond to appropriate parental concerns expressed by [the Givenses] during the period of M.G.'s placement." Id. at 2. The Givenses allege that they "did not know of or discover the negligence or reckless disregard" of Shadow Mountain until the July 5, 2007 charges prompted them to ask M.G. whether Hunter ever did anything inappropriate. Id. at 3.

The Givenses assert three claims for relief against Shadow Mountain. The first claim is under 42 U.S.C. § 1983 for violation of M.G.'s federally-protected rights. Id. at 4-5. The second claim is for injuries to M.G. due to Shadow Mountain's negligence. Id. at 5-6. The third claim is for injuries to themselves due to Shadow Mountain's negligence. Id. at 6-7.

**II.**

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 592; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10. In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

**III.**

Shadow Mountain asks the Court to dismiss the Givenses' first and third claims for relief. It argues that the Givenses have not stated a claim for relief under § 1983 because they did not identify an official policy or procedure of Shadow Mountain and did not allege conduct that is

3

sufficiently extreme and "conscience shocking" to be a § 1983 violation. Dkt. # 10, at 1. Shadow Mountain argues that the parents' negligence claim should be dismissed because it is barred under Oklahoma's two year statute of limitations. Dkt. # 13, at 2-3.[2]

A.   First Claim for Relief - § 1983 Claim

Shadow Mountain argues that the Givenses' first claim should be dismissed for two reasons. It argues that the Givenses have not identified an official policy or procedure and, alternatively, that the Givenses have not alleged conduct sufficiently extreme to be a § 1983 violation. Dkt. # 10, at 7-9. The Givenses respond that they are not required to identify a policy or procedure at this stage, and that it would be improper to make a determination regarding the outrageousness of Shadow Mountain's conduct on a motion to dismiss. Dkt. # 12, at 8-9.

42 U.S.C. § 1983 creates a private right of action for violation of federally-secured rights by a "person" acting "under color of state law." 42 U.S.C. § 1983; Maine v. Thiboutot, 448 U.S. 1, 6-7 (1980). Two allegations are required in order to state a claim under § 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the

---

[2]   Shadow Mountain originally argued that all of the Givenses' claims were barred by the statute of limitations. Dkt. # 10, at 1. In its reply in support of its motion to dismiss (Dkt. # 13), Shadow Mountain withdrew its argument that the first and second claims for relief were time-barred "to the extent that Plaintiff's Response affirmatively represents that [those claims were brought on M.G.'s behalf]." Dkt. # 13, at 2. The statute of limitations does not bar M.G.'s claims because he is a minor. See OKLA. STAT. tit. 12, § 96. The first and second claims for relief were brought for violation of M.G.'s rights, and the Givenses have stated that these claims were brought on M.G.'s behalf. Dkt. # 12, at 6. Therefore, the Court deems withdrawn Shadow Mountain's argument regarding dismissal of the first and second claims for relief based on the statute of limitations.

4

person who has deprived him of that right acted under color of state or territorial law."[3] Gomez v. Toledo, 446 U.S. 635, 640 (1980).

However, a private entity, like a municipality, cannot be held liable under § 1983 on a respondeat superior theory. Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (explaining that the doctrine of Monell v. Dep't of Social Svcs., 436 U.S. 658 (1978), applies to private entities acting under color of state law). A private entity cannot be held liable "solely because it employs a tortfeasor;" it can only be held liable for deprivations pursuant to official policy or custom. Monell, 436 U.S. at 690-91.

The Givenses' amended petition does not allege that M.G.'s injuries were caused by actions taken pursuant to Shadow Mountain's official policy or custom. It alleges that "the Shadow Mountain employees knew or should have known of [M.G.'s] abuse at the hands of Hunter." Dkt. # 2-4, at 4. The Court will not guess as to whether the acts and omissions alleged are attributable to official policy or to isolated employee actions. Cf. Robbins v. Okla., 519 F.3d 1242, 1247 (Okla. 2008) (if the allegations in the complaint "are so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not satisfied Twombly's pleading standard"). Because they do not allege any official policy or custom, the Givenses have not stated a claim against Shadow Mountain under § 1983.

Shadow Mountain also argues that the Givenses have not stated a claim under § 1983 because they do not allege conduct that rises to the level of a due process violation. Though the

---

[3]   "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 50 (1988) (quoting U.S. v. Classic, 313 U.S. 299, 326 (1941)). Shadow Mountain does not dispute that it was acting under color of state law as to M.G.'s placement.

Court has already determined that the Givenses failed to state a claim, the Court will briefly address this argument in the event the Givenses amend their amended petition.

The Tenth Circuit has described the strict standard applicable to §1983 claims based on substantive due process:

> Our cases recognize a § 1983 claim for a violation of Fourteenth Amendment substantive due process rights in the narrowest of circumstances. The conduct alleged "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power . . . . [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." This standard is met in only the most extreme circumstances, typically involving some violation of physical liberty or personal physical integrity.[4]

Becker v. Kroll, 494 F.3d 904, 922-23 (10th Cir. 2007) (citations omitted). The Court cannot determine at this stage that the Givenses' allegations fall outside of these "extreme circumstances." Acts of sexual abuse certainly implicate M.G.'s "personal physical integrity." Though Shadow Mountain is, of course, free to renew this argument if the Givenses amend their § 1983 allegations, the Court advises Shadow Mountain that it is unlikely to dismiss the Givenses' § 1983 claim on this basis.

B.      Third Claim for Relief - Parents' Negligence Claim

Shadow Mountain argues that the third claim, the Givenses' negligence claim on their own behalf, is time-barred under the applicable statute of limitations. The parties agree that Oklahoma's two-year statute of limitations for tort actions, OKLA. STAT. tit. 12, § 95, applies to this claim. See Dkt. # 10, at 5; Dkt. # 12, at 5. Shadow Mountain argues that the claim is time-barred because the

---

[4]  Shadow Mountain misreads this language from Becker. Shadow Mountain's actions need not be extreme or conscience-shocking, cf. Dkt. # 10, at 9, if the "magnitude of potential or actual harm" is conscience-shocking. 494 F.3d at 923. Further, the Court cannot determine at this stage whether Shadow Mountain's conduct shocks the conscience.

Givenses' cause of action accrued more than two years prior to their filing this case. Dkt. # 13, at 2. The Givenses argue that the statute of limitations was tolled under Oklahoma's discovery rule. Dkt. # 12, at 6.

"Oklahoma follows the discovery rule allowing limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995). If the date upon which the plaintiff knew of the injury is apparent from the face of the complaint, "this issue may be resolved on a motion to dismiss." Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir. 2008). In this case, the Givenses' amended petition states that they "did not know of or discover the negligence or reckless disregard of Defendants until learning" of the charges filed against Hunter on July 5, 2007. Dkt. # 2-4, at 3. The Court cannot determine whether the Givenses should have known of the abuse at an earlier date based on the pleadings alone. Cf., e.g., Digital Design Group, Inc. v. Info. Builders, Inc., 24 P.3d 834, 842 (Okla. 2001) (determining that the question of when the plaintiff knew or should have known she was injured "was a question of fact for the jury to decide"). Taking the allegations in their amended petition as true, it is not clear from the face of the petition that the statute of limitations bars the Givenses' recovery.

Shadow Mountain's argument that the third claim should be dismissed because the Givenses "have identified no basis for tolling the statute of limitations on their claims in their amended petition," Dkt. # 10, at 6, is incorrect for two reasons. First, it is not the Givenses' burden to disprove the statute of limitations' applicability. The Tenth Circuit has stated that "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis

for tolling the statute." Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (rejecting a tolling argument because the applicable statute of limitations was not subject to any equitable exceptions). This is not the case here, as the "dates given in the [amended petition]" do not conclusively establish that the Givenses' claim is time-barred. Further, Shadow Mountain's suggestion that the Givenses' amended petition is insufficient because it fails to allege that defendants actively concealed the injury is a misinterpretation of Oklahoma law. Concealment of injury by the plaintiff is not a prerequisite to tolling under the discovery rule.[5] The Court cannot determine, as a matter of law, that the injury alleged was not "unlikely to come to the attention of the injured party" here. Cf Digital Design, 24 P.3d at 840-41 (noting that the Oklahoma Supreme Court has allowed the discovery rule in cases which "involved situations in which the injury was concealed from the plaintiff or the injury was unlikely to come to the attention of the injured party") (emphasis added).

**IT IS THEREFORE ORDERED** that Defendant Shadow Mountain Behavioral Health System's Motion to Dismiss and Brief in Support (Dkt. # 10) is **granted in part** and **denied in part**: it is granted as to the Givenses' first claim for relief as to § 1983 and denied as to the Givenses' third claim for relief as to negligence.

---

[5] The Oklahoma Supreme Court's statement in Jarvis v. City of Stillwater, 732 P.2d 470, 472-73 (Okla. 1987) that "[a] fact question as to whether a defendant is estopped from interposing the defense of a time bar is generally raised by a plaintiff's allegations that the defendant had made . . . any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry" does not support Shadow Mountain's argument. First, the Supreme Court was concerned with equitable estoppel (preventing the plaintiff from raising the statute of limitations defense) in that case, not the discovery rule. Second, the Supreme Court said a fact issue regarding estoppel is generally raised under certain conditions, not only under those conditions.

**IT IS FURTHER ORDERED** that the first claim for relief is **dismissed** with leave to amend. If the Givenses can, consistent with the Federal Rules of Civil Procedure, allege a policy or custom of Shadow Mountain sufficient to state a claim under § 1983, they may file a second amended complaint within ten days of this order.

**IT IS FURTHER ORDERED** that defendant must answer the amended petition (Dkt. # 2-4) within ten days of this order.

**IT IS FURTHER ORDERED** that the parties must submit a Joint Status Report within fourteen days of this order.

**DATED** this 5th day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT